United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30544
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA A. RICHARD,
a/k/a Patricia A. Chevis,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
6:03-CR-60036

---

Before REAVLEY, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Patricia A. Richard, a/k/a Patricia Chevis, received Social Security benefits covering a period from 1992 through 2001, despite the fact she was receiving income from her own business, the St. Landry Public Assistance Corporation, throughout most of that period. The Social Security Administration (SSA) paid Richard benefits based on her misrepresentations regarding the nature and extent of her alleged disability and her inability to maintain employment. Had Richard candidly informed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

SSA employees and judges of her income, she would not have received benefits. Richard received approximately $83,278 in disability payments for herself and her minor children. After her ruse was detected, Richard pled guilty to one count of making a false statement to the SSA. She was sentenced to five months of imprisonment, three years of supervised release (with five months to be served in home confinement), and was ordered to pay restitution to the SSA in the amount of $76,870. She now appeals her sentence.

Richard raises three claims of error: (1) The district court erred in calculating the amount of loss attributable to her misrepresentation, leading to an increased sentence; (2) The sentence violated United States v. Booker, 125 S. Ct. 738 (2005); and (3) The restitution award is improper.

The district court loss calculation of $76,870 increased Richard's base offense level by eight points, pursuant to U.S.S.G. § 2B1.1(b)(1). The district court's calculation of loss under § 2B1.1 is a finding of fact, reviewable only for clear error. United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998)(construing former U.S.S.G. § 2F1.1).[1] Even after Booker, we review the district court's interpretation of the guidelines de novo. United States v. Villegas, __ F.3d __, 2005 WL 627963, *4

---

[1] Section 2F1.1 was deleted by Guideline Amendment 617 and was consolidated with § 2B1.1, effective November 1, 2001. Richard's offense of conviction was committed on December 4, 2001.

(5th Cir. Mar. 17, 2005). When calculating the loss under § 2B1.1, the district court need only make a reasonable estimate of the loss, given the available information. § 2B1.1, comment. (n.3(C)); Randall, 157 F.3d at 330. The method of calculating the loss must bear a reasonable relationship to the actual or intended harm caused by the offense. Randall, 157 F.3d at 331. In order to attribute losses to a defendant's fraudulent conduct, the Government must establish a factual basis to conclude that the losses resulted from the fraud. Id. The calculation of the loss amount for sentencing purposes may include all relevant conduct undertaken by the defendant, including acts that occurred "in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a)(1); see also United States v. Somsamouth, 352 F.3d 1271, 1278 (9th Cir. 2003), cert. denied, 124 S. Ct. 2049 (2004) (affirming loss calculation based on proof of the earliest time the defendants engaged in substantial gainful activity, not the date of their false statements made for the purpose of retaining their benefits). The facts Richard admitted at sentencing fully support the district court's loss finding, which we will not disturb.

For the first time on appeal, Richard challenges her sentence under the United States Sentencing Guidelines on the basis of United States v. Booker, 125 S. Ct. 738 (2005). Thus, we review her sentence for plain error as held in United States v. Mares, 402 F.3d 511 (5th Cir. 2005). Under plain error review, the defendant must demonstrate that (1) there was error, (2) which was clear or

3

obvious, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776-77 (1993).

Richard meets the first two prongs of this test: In light of Booker, the district court erred in sentencing Richard under the now unconstitutional mandatory sentencing guidelines scheme based on judicial fact finding; this error is now plain from the record. The key issue is the third prong of plain error review under Mares, "whether [Richard] demonstrated that the sentencing judge — sentencing under an advisory scheme rather than a mandatory one — would have reached a significantly different result." Mares, 2005 WL 503715 at *9. Richard quotes the following passage from the district court judge at sentencing in support of her claim:

> I got to be a Judge in 1994. These Sentencing Commission Guidelines come [sic] in 1986. The judges that were on the bench before I'm there and some that come after me, frankly — and I just kind of got with the crowd when I got there — were complaining that it was taking away the authority of the district court, which the Supreme Court said, no it's not. Congress can set these guidelines through the Sentencing Commission. It gave a lot of older judges heartburn. Well, one of the things it took off the district judge's plate, which philosophically, I suppose, while it may be legal for Congress to do that, it may not be a good idea for them to do it, but they've done it. It takes this kind of case off the district judge's plate because here I am. If I want to cheat intellectually right now and give a different result, I can make a factual finding and go with you on the amount of the loss, and I don't think anybody could touch it. Then I can do a lesser degree than called for by the current guidelines. But I can't be intellectually dishonest.

4

R. Vol. 3 at 156-57 (quoting and citing the record) (emphasis added). Throughout the sentencing proceeding, the district judge indicated both sympathy for Richard as well as his resolved feeling that she had committed the crime and the punishment was warranted. Compare United States v. Shelton, __ F.3d __, 2005 WL 435120, at *6 (11th Cir. Feb. 25, 2005) (reversing sentence on plain error where the district court made numerous, clear statements characterizing guidelines-mandated sentence as "too severe" and "unfortunate[]," and then imposed lowest possible sentence under the guidelines) with R. at 157 (acknowledging that the SSA should have detected Richard's conduct earlier, but noting that the "complicity of the bureaucracy . . . doesn't relieve her culpability for what she did"), 162 (denying Richard's motion for downward departure). Richard cannot meet her burden of proof under Mares.

Finally, Richard claims the restitution award requires her to pay restitution for acts she never admitted or pled guilty to, in violation of United States v. Hughey, 495 U.S. 411, 110 S. Ct. 1979 (1990). This court reviews a district court's order of restitution de novo. United States v. Adams, 363 F.3d 363, 365 (5th Cir. 2004). Once the court determines that an award of restitution is permitted by the appropriate law, the court reviews the propriety of a particular award for an abuse of discretion. Id.

A district court may order restitution stemming from a fraudulent scheme even when the defendant pleads guilty only to

5

some counts in the indictment so long as the defendant's plea agreement contemplates a broader scheme to defraud. United States v. Cothran, 302 F.3d 279, 289-90 (5th Cir. 2002). In United States v. Arnold, 947 F.2d 1236 (5th Cir. 1991), for example, the defendant pled guilty only to some of the counts for which he was indicted, but also explicitly admitted to causing the loss on which the district court based its restitution award and failed to object to the restitution order at trial. Id. at 1238. Richard pled guilty to Count 2 of the indictment, and in exchange the Government dismissed Count 1. However, Richard also admitted facts sufficient to support the district court's restitution award. See R. 50-51 (admitting that Richard knew the statement to be false "because on November 3, 1994, she along with others, formed the St. Landry Public Assistance Corporation," and also admitting to hiring several employees, serving 2,205 clients, and executing a contract through this company). Richard's admissions placed her guilty plea to Count 2 in the framework of a course of conduct and thus provided the district court sufficient basis for its restitution award.[2]

**AFFIRMED.**

---

[2] Richard further objects, for the first time on appeal, to the restitution award because the award includes activity outside the statute of limitations period of Count 2. However, Richard's failure to raise this claim in the district court, dovetailed with her admissions through the plea agreement, preclude reduction of the restitution award in this court on that basis.

6

EMILIO M. GARZA, Circuit Judge, specially concurring:

I concur with the majority's opinion, except for the *de novo* standard of review. For the reasons stated in my concurrence in *United States v. Creech*, No. 04-40354, 2005 WL 1022435, at *9 (5th Cir. May 3, 2005), I do not agree that we review a district court's interpretation of the Sentencing Guidelines *de novo*. While endorsed in dicta in *Villegas*, this standard is inconsistent with the Supreme Court's decision in *Booker*, requiring appellate court's to review sentencing decisions for unreasonableness. *Booker*, 125 S. Ct. at 767. Because I agree that the district court in this case correctly interpreted the Sentencing Guidelines, I conclude that the sentence was not unreasonable. *See Mares*, 402 F.3d at 519 ("Given the deference due the sentencing judge's discretion under the *Booker/Fanfan* regime, it will be rare for a reviewing court to say [a sentence in which the district court properly applied the Guidelines] is 'unreasonable.'").